**SIGNED.**

Dated: April 28, 2009



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MAGNUS FINANCIAL CORPORATION, | No. 4:07-bk-01578-JMM |
| Debtor. | Adversary No. 4:09-ap-00211-JMM |
| LARRY LATTIG, LITIGATION TRUSTEE FOR THE FIRST MAGNUS LITIGATION TRUST, | **MEMORANDUM DECISION** |
| Plaintiffs, | |
| vs. | |
| STONEWATER MORTGAGE CORPORATION; et al. | |
| Defendants. | |

On April 28, 2009, this court heard argument on the motions to dismiss (Dkts. #11, 12, 14, 18, and 40) filed by numerous defendants ("Defendants") regarding the Complaint filed by Larry Lattig, the Litigation Trustee ("Trustee").

Defendants' principal grievance is that the Trustee's Complaint, consisting of 194 pages and 1009 numbered paragraphs, is difficult to read, overly cumbersome and requires discovery even before being able to answer. In addition, there are 96 claims for relief, many of which are directed against all Defendants generally, of which there are 43 named parties. Because of the Complaint's length and complex factual summary, Defendants argue that it is difficult to frame answers, because it is uncertain as to which counts, facts and prayers for relief apply to each Defendant.

The Trustee responds by stating: "The Court should (only exercise its discretion) under Rule 8 when a complaint is so confused and unintelligible that Defendants lack fair notice of the claims and the grounds on which they are based." (Dkt. #52.)

The court agrees. The Complaint offends those criteria. It should not be necessary, at this initial stage of the proceedings, for the Defendants to admit or deny each of the very specific and lengthy factual paragraphs pled by the Trustee. These types of specific factual recitations are more akin to what the parties might develop as the case advances, and perhaps be more appropriate to a motion for summary judgment, once the parties have had a more deliberate period of time to exchange information and work through discovery. For now, the Trustee needs to more generally describe exactly what it is that each Defendant has done that creates legal liability, and then state his legal theories and prayers for relief more succinctly.

As a legal matter, the Complaint is too cumbersome, and violates FED. R. CIV. P. 8(a), which call for "a short and plain statement" of the claims and relief sought. From there, then, the parties can proceed to discovery, and collaborate on how best to winnow down the case to its essence. Until the Complaint is reduced to its essence, the court is also unable to determine the merits of certain Defendants' motions to dismiss (for reasons other than Rule 8(a) on substantive grounds.)

Counsel for the Trustee must satisfy Rule 8 by a substantial editing revision which:

- omits the long introduction, except as necessary to state jurisdiction;
- Includes a separate count for each Defendant (or husband/wife Defendants);
- Identifies the legal theories upon which that Defendant is being sued;
- Gives dates or periods for the <u>general</u> facts supporting each claim;
- Omits all editorializing and/or overuse of inflammatory rhetoric;
- Sets forth exact what remedies are sought as to each Defendant; and
- Sets forth all of the above in a <u>short</u>, <u>plain</u> statement which complies with Rule 8.

In other words, the entire Complaint should be refined to simply get to the point: who is getting sued, what are the theories, and how much is demanded.

Eventually, be it at the trial or summary judgment stages, more details will be required. But doing so at the beginning of a case, which requires each party to do substantial discovery even to answer, admit or deny the myriad of complex and lengthy allegations, is an unfair tactic violative of Rule 8(a).

Plaintiff's reliance on the *Arizona Daily Star's* views as to how good his complaint is is not helpful to a court, nor to the parties being sued. What sells newspapers is far different than what is required of legal pleadings. Plaintiff needs to trim the sails.

In a case where a similar motion was decided ten months ago, District Judge Ronald B. Leighton (W.D. Wash.) encountered a similar problem with a 465-page complaint. There, Judge Leighton granted a motion for more definite statement, and concluded with a short but pithy pronouncement:

> Plaintiff has a great deal to say,
> But it seems he skipped Rule 8(a),
> His Complaint is too long,
> Which renders it wrong,
> Please re-write and re-file today.

*Presidio Group, LLC v. GMAC Mortgage, LLC,* Case No. 08-5298 RBL, Western District of Washington at Tacoma (docketed June 27, 2008).

**CONCLUSION**

Accordingly, the court will order that the Trustee shall have fifteen (15) days to amend his Complaint in order to conform to Rule 8(a). Failure to do so will result in dismissal of the Complaint. Once amended, the merits of any Rule 12 motions, if any, may be addressed upon the filing of new pleadings.

DATED AND SIGNED ABOVE.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MAGNUS FINANCIAL CORPORATION, | No. 4:07-bk-01578-JMM |
| Debtor. | Adversary No. 4:09-ap-00211-JMM |
| LARRY LATTIG, LITIGATION TRUSTEE FOR THE FIRST MAGNUS LITIGATION TRUST, | **ORDER** |
| Plaintiffs, vs. | |
| STONEWATER MORTGAGE CORPORATION; et al. | |
| Defendants. | |

Consistent with the court's Memorandum Decision regarding the motions to dismiss (Dkts. #11, 12, 14, 18, and 40) filed by numerous defendants regarding the Complaint filed by Larry Lattig, the Litigation Trustee ("Trustee"),

IT IS HEREBY ORDERED that the Trustee shall have fifteen (15) days to amend his Complaint in order to conform to Rule 8(a). Failure to do so will result in dismissal of the Complaint. Once amended, the merits of any Rule 12 motions, if any, may be addressed upon the filing of new pleadings.

DATED AND SIGNED ABOVE.