**SIGNED.**

Dated: March 03, 2010



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MAGNUS FINANCIAL CORPORATION, | No. 4:07-bk-01578-JMM |
| Debtor. | Adversary No. 4:09-ap-00211-JMM |
| LARRY LATTIG, LITIGATION TRUSTEE FOR THE FIRST MAGNUS LITIGATION TRUST, | **MEMORANDUM DECISION RE:** |
| Plaintiffs, vs. | **MOTIONS TO DISMISS** |
| STONEWATER MORTGAGE CORPORATION; et al. | |
| Defendants. | |

Many of the Defendants have again asked this court to dismiss Plaintiff's Second Amended Complaint (DN 80, 82-93). On these motions, the parties appeared before the court on January 27, 2010, to argue their positions. For ease of reference, the court will address each defendant (or set of related defendants) separately, so that the record will be clear as to how each party is treated.

# PROCEDURAL BACKGROUND

Pursuant to a confirmed reorganization plan, Larry Lattig was appointed as Litigation Trustee. In that capacity, on February 26, 2009, he filed a complaint against 44 defendants on 96 counts. The complaint was 194 pages in length.

Many of the defendants filed motions to dismiss. The court ruled on those motions on April 28, 2009, instructing the Plaintiff to amend his complaint to more clearly and definitively explain his legal theories and clearly set forth the relevant facts. (DN 59, 60.)

On May 13, 2009, Mr. Lattig filed a First Amended Complaint against numerous defendants. Once more, motions to dismiss were filed and argued, after which the court ordered the Plaintiff to amend his complaint to more precisely detail his claims against the various defendants (DN 77). After the hearing, the court directed the Defendants to only answer each count, as it related to them, and to ignore paragraphs 1-174. Additionally, the court again required the Plaintiff to be specific as to which defendants were involved as to each count, and to specifically "set forth the monetary amount or declaratory relief sought as to each count." (DN 77.)

In response to the court's order, the Plaintiff filed a Second Amended Complaint on October 2, 2009 (DN 79). Once more, defendants filed motions to dismiss. The defendant group, due to either settlements or dismissals, has now been narrowed to 27.

Motions to dismiss portions of the Second Amended Complaint are now before the court, and are decided herein.

# APPROACH TO THE MOTIONS

As the court now works its way through each defendant's motion, it feels as if there should be a fully separated discussion as to each defendant (or related group), rather than lumping all defendants together *en masse*. Therefore, as we get into discussions about each defendant, separate treatment will be afforded each defendant group.

# THE STARTING POINT

As the court previously explained, it is not helpful to consider, as part of the Complaint's necessary allegations, the general narratives contained in paragraphs 1-154, found at pages 1-40 of the latest Second Amended Complaint,

The court, as it noted before, will treat each actual <u>count</u> as free-standing, and now will test each challenged count to ascertain whether claims are stated under the Federal Rules of Procedure. That analysis begins on p. 40 of the Complaint. The first 154 paragraphs will not be considered, as they are and always have been extraneous.

Before starting that discussion, however, more background is helpful.

# THE BANKRUPTCY CASE

The Debtor filed a liquidating Chapter 11 on August 21, 2007. From the outset, the Debtor did not intend on reorganizing or continuing in business, and indeed had terminated approximately 5,500 employees within a few weeks before filing.

The case was managed, from the outset, as a liquidating Chapter 11. This approach is authorized by the Bankruptcy Code. 11 U.S.C. § 1123(b)(4) and (6). In that regard, the Debtor-in-Possession acted as a fiduciary for its creditors, as required by law, and embarked on its liquidation tasks.

A committee of unsecured creditors and counsel were appointed, counsel for the Debtor-in-Possession was chosen and approved, and various employees were kept on the payroll for the purpose of the wind-down. Secured or warehouse lenders' collateral packages were scrutinized, and applications and orders disposing of property contributed to the business' orderly liquidation. Assets with little or no true value were abandoned, either by specific order or by operation of law, and leases were rejected. Those assets which had realizable value were retained, eventually to be reduced to cash by the Liquidating Trustee under a confirmed plan, and any existing legal causes of action belonging to the Debtor were transferred, also under a plan, to a Litigation

Trustee.

Throughout this process, oversight over the case was in the hands of the various court-appointed professionals and committees, the U.S. Trustee, and the court itself. At every stage of the progression, the court acted upon various motions and applications for relief, and entered numerous orders. Most, if not all, of those orders were final, not interlocutory, and if they were not appealed within the ten-day period provided by FED. R. BANKR. P. 8002, their finality is now indisputable.

Of all the orders entered in this case, the most important one is the order confirming the second amended plan of liquidation, which this court entered on February 28, 2008 (DN 1065, 1447, 1589). Creditors voted on it in sufficient number and percentages to gain court approval. 11 U.S.C. § 1126. Only one creditor, WNS North America, Inc. appealed that order (DN 1630), and that order was affirmed by the U.S. District Court on December 10, 2008 (DN 4944). An appeal was not taken to the Ninth Circuit, so the confirmation order is likewise final.

## **THE AMENDMENTS TO THE COMPLAINT**

This case has now been pending for just over one year, and the Litigation Trustee/Plaintiff has been given three opportunities to plead his case according to the law. Although the Trustee/Plaintiff has, in his numerous responses to the motions, included a prayer for another amendment, this court believes that the Rubicon, on further Complaint amendments, has been crossed. The Trustee/Plaintiff must now ride this horse, and does not get to saddle up a fourth time.

The Second Amended Complaint must now be tested against existing legal standards, to determine if it states legally sufficient claims.

When this court entered its two orders on each of the last two rounds of the dismissal motions, it tried, as best as it could, to tell the Litigation Trustee/Plaintiff what he needed to plead in order to move the case forward. In a nutshell, those directions were:

    1.    The first 174 "background" paragraphs, for lack of a better word, were impossible for the various defendants to respond to. Therefore, no one needed to answer them. Essentially, they were to be disregarded, for

any legal purpose, as part of the Complaint. Stated differently, they did not need to be answered, because they were <u>not</u> part of the Complaint. *See* FED. R. CIV. P. 8(a), (b). They were not considered part of the complaint because they were exceedingly difficult to comprehend and answer.

2. <u>Each</u> count was required to specifically identify the defendant affected, and specially set forth "the monetary amount or declaratory relief sought as to each count," as well as technically plead a cause of action.

3. Fraud had to be stated with particularity, as FED. R. CIV. P. 9(b) requires.

There wasn't much more to the orders than that. Now it is time to take a close look at just what the Plaintiff has said, how he said it, and whether the counts stand or fall as properly-pled claims.

## **WHERE WE ARE TODAY**

Of the 44 defendants first named in the Complaint, that number has been reduced to 27. Of those, the majority of the defendants have filed motions to dismiss as to the counts affecting them.

## **TITLE SECURITY AGENCY**

Defendant Title Security Agency of Arizona ("Title Security") has asked the court to dismiss 14 counts (DN 82). However, in its review of the Second Amended Complaint, the court could only locate six counts which related specifically to Title Security. They are:

| | |
|---|---|
| 49 | misappropriation |
| 50 | conversion |
| 53 | unjust enrichment |

|  |  |
|---|---|
| 54 | quantum meruit |
| 56 | post-petition civil conspiracy |
| 57 | post-petition aiding and abetting breach of fiduciary duty |

As for count 49, the Complaint accuses Title Security of "fraud" or "intent to defraud" only in paragraphs 401 and 403. The elements of fraud are not pled with particularly, and other than including the "fraud-based" words, the Complaint does not give the specifics required by FED. R. CIV. P. 9(b). Therefore, Title Security's motion to dismiss any fraud theory, contained in count 49, will be GRANTED.

As for Count 50, it suffers similar defects. Fraud-related counts, to the extent they are even pled, will be DISMISSED.

Count 53 nowhere contains the word "fraud" or any derivative thereof and appears to be based upon some type of conversion theory. As that count pleads no fraud theory, Title Security's motion to dismiss is moot, and therefore will be DENIED.

Count 54 is similar to Count 53. Title Security's motion to dismiss on any "fraud" basis will be DENIED, as moot.

Count 56 contains allegations of "fraud," but other than conclusions, nothing else to substantiate a fraud claim. It therefore fails the test of FED. R. CIV. P. 9(b). Title Security's motion to dismiss the "fraud" or "fraud-based" allegations of Count 56 will be GRANTED.

Finally, as to Count 57, other than the one-time use of the words "fraudulent" and "intent to defraud," it does not rise to the level of specificity required by FED. R. CIV. P. 9(b). Count 57's fraud-related contentions will be DISMISSED.

## **CLINTON GAYLORD**

Defendant Clinton Gaylord has also asked the court to dismiss any "fraud based" counts against him, principally for lack of specificity, as required by FED. R. CIV. P. 9(b) (DN 89). The Complaint seeks relief against Mr. Gaylord in the following counts:

| | | |
|---|---|---|
| | 1 | breach of fiduciary duty |
| | 5 | fraudulent transfer |
| | 6 | preference |
| | 7 | unjust enrichment |
| | 10 | fraudulent conveyance |
| | 11 | preference |
| | 12 | unjust enrichment |
| | 13 | fraudulent conveyance |
| | 14 | preference |
| | 15 | unjust enrichment |
| | 18 | unjust enrichment |
| | 23 | unjust enrichment |
| | 25 | unjust enrichment |
| | 27 | unjust enrichment |
| | 29 | unjust enrichment |
| | 31 | unjust enrichment |
| | 32 | quantum meruit |
| | 36 | constructive trust |
| | 37 | conspiracy |
| | 38 | aiding and abetting |

In Counts 1, 37 and 38, the words "intent to defraud" appear in paragraphs 160, 330 and 337, but do not tie to any of the specific facts required by FED. R. CIV. P. 9(b). To the extent that "fraud," *per se*, constitutes a claim for relief, as opposed to being used simply as an inflammatory and conclusory word, Counts 1, 37 and 38 lack the legal requisites to state a legal claim for fraud.

Counts 1, 37 and 38's "fraud" related claims will be DISMISSED, and Mr. Gaylord's motion will be GRANTED as to fraud, *per se*.

Count 5 states an appropriate fraudulent transfer claim under statute. The focus of those statutes, as noted in the count, deal principally with concepts of adequate consideration, general capital and solvency issues. "Fraud," *per se*, is usually not implicated in the inquiry. For

now, the concept and theory are adequately pled. Mr. Gaylord's motion to dismiss Count 5 will therefore be DENIED.

Count 6 seeks no recovery on any fraud theory. Mr. Gaylord's motion to dismiss as to any fraud claim will be DENIED.

Count 7 is similar to Count 6. Mr. Gaylord's motion to dismiss will be DENIED.

Count 10 is similar to Count 5. Mr. Gaylord's motion to dismiss will be DENIED.

Counts 11, 12, 14, 15, 18, 23, 25, 27, 29, 31, 32 and 33 do not use the word "fraud" anywhere. Mr. Gaylord's motion to dismiss on this basis will be DENIED.

Count 13 is similar to Count 5. Mr. Gaylord's motion to dismiss is DENIED.

Count 36 uses the word "defraud" once, in paragraph 323. The count lacks the specificity to qualify as a FED. R. CIV. P. 9(b) fraud claim. Any claim based on fraud in Count 36 will be DISMISSED.

## **MARTIN W. THOMAS**

Martin W. Thomas was sued on the following counts:

    8     fraudulent conveyance

    9     unjust enrichment

    36    constructive trust

Mr. Thomas relies on arguments made by the Wright and Yonan defendants. But the claims made against Mr. Thomas relate to a $9,000,000 stock redemption, principally on a fraudulent conveyance theory. The Wright and Yonan claims are very different.

The allegations in Counts 8, 9 and 36 state claims. An answer should be filed, so that the actual debate can then focus on what facts are disputed or undisputed.

The Martin W. Thomas motion to dismiss (DN 83, 84) will be DENIED.

## ARVIND SHARMA

The Plaintiff's Complaint against Arvind Sharma is found in the following counts:

  43  breach of fiduciary duty
  60  general claim for fees and costs

To the extent that Count 43 is intended to allege a fraud claim against Mr. Sharma, his motion to dismiss (DN 91) on such basis will be GRANTED. This is because the Complaint fails, in Count 43, to particularize any alleged fraud committed by Mr. Sharma. FED. R. CIV. P. 9(b).

The court will await further information from the Plaintiff/Trustee, as to what specific facts support the "misappropriation . . . and conversion . . . of the debtor's assets."

Count 60 is only a remedy request, not a substantive plea for relief on any specific basis. It need not be dismissed, but it also need not be answered. *See* FED. R. CIV. P. 8(d). Mr. Sharma's motion to dismiss as to Count 60 will be DENIED, as moot.

## JEFF ARNOLD

The counts against Jeff Arnold are:

  39  post-petition RICO in acquiring CIG
  40  RICO conspiracy and costs
  41  misappropriation
  42  conversion
  45  unjust enrichment
  46  constructive trust
  47  civil conspiracy
  48  aiding and abetting
  60  generally--attorneys' fees and costs

9

Case 4:09-ap-00211-JMM Doc 117 Filed 03/03/10 Entered 03/04/10 08:08:20 Desc
Main Document Page 9 of 16

Count 41 contains, within paragraph 366, the superfluous words "intent to defraud," which only confuses the legal theory upon which Plaintiff seeks relief. The court finds that Plaintiff has failed to plead fraud with the requisite particularity and therefore, to the extent fraud is a theory, it will be DISMISSED for failure to specifically plead it. FED. R. CIV. P. 9(b).

The same analysis holds true for Count 48, where the word "fraudulent" appears on paragraph 392. Any fraud claim intended by Count 48 will be DISMISSED. FED. R. CIV. P. 9(b).

The points raised by Mr. Arnold as to the balance of the counts may merit a closer look at the summary judgment stage, but offers too much to digest when determining whether a Rule 12(b)(6) dismissal is warranted.

Accordingly, other than as set forth above, Mr. Arnold's motion to dismiss, specifically, Counts 42, 45, 46, 47 and 60, is DENIED. As for Count 60, it need not be answered at all. FED. R. CIV. P. 8(d). Counts 39 and 40 (RICO counts) will be dismissed below, at pp. 15-16.

### GURPREET S. JAGGI; GARY K. MALIS; DOMINICK MARCHETTI; KARL F.W. YOUNG INDUS HOLDINGS, LLC; INDUS VENTURES, LLC

These defendants are concerned with the non-specificity attached to counts wherein the words "fraud" or "intent to defraud" are contained within the counts. The court agrees that wherever the words "fraud," "intent to defraud," "fraudulent intent" or like words are found, the counts fail in specifying, with the particularity required by FED. R. CIV. P. 9(b), those facts necessary to breath legal life into the words.

As a consequence, the "fraud" or "fraud-based" allegations contains in the following counts will be DISMISSED:

| | |
|---|---|
| 1 | breach of fiduciary duty |
| 10 | fraudulent transfer |
| 13 | fraudulent conveyance |
| 36 | constructive trust |
| 37 | civil conspiracy |

|    |                                       |
|----|---------------------------------------|
| 38 | aiding and abetting                   |
| 41 | misappropriation                      |
| 42 | conversion                            |
| 43 | breach of fiduciary duty              |
| 44 | fraud                                 |
| 46 | post-petition constructive trust      |
| 47 | post-petition civil conspiracy        |
| 48 | post-petition aiding and abetting breach of fiduciary duty |

By the same token, the following counts nowhere contain any words which would appear to allege fraud. Those counts shall remain intact. They are:

|    |                  |
|----|------------------|
| 11 | preference       |
| 12 | unjust enrichment|
| 14 | preference       |
| 15 | unjust enrichment|
| 18 | unjust enrichment|
| 23 | unjust enrichment|
| 25 | unjust enrichment|
| 27 | unjust enrichment|
| 29 | unjust enrichment|
| 31 | unjust enrichment|
| 32 | unjust enrichment|
| 33 | quantum meruit   |
| 34 | unjust enrichment|
| 35 | quantum meruit   |
| 45 | unjust enrichment|

The motion to dismiss these counts, on the "fraud" basis, will be DENIED.

Counts 39 and 40 (RICO counts) will be discussed below, at pp. 15-16.

**THOMAS W. SULLIVAN, SR.; THOMAS W. SULLIVAN, JR.;
JAMES WARNER; VIVEK SHIVPURI;
THOMAS W. SULLIVAN REVOCABLE TRUST; SULLIVAN TITLE
INVESTMENT, LLC; SULLIVAN TITLE MANAGEMENT, INC.;
eCLOSER SERVICES, INC; FM REALTY; MAGNUS CORPORATION;
<u>MAGNUS SETTLEMENT SERVICES, LLC</u>**

These defendants also seek dismissal of "fraud" or "fraud-based" allegations. The court agrees that such allegations in the Complaint lack the required specificity in the following counts and those allegations as to these defendants will be DISMISSED:

| | |
|---|---|
| 1 | pre-petition breaches of fiduciary duty |
| 2 | fraudulent conveyance |
| 10 | fraudulent conveyance |
| 13 | fraudulent conveyance |
| 19 | fraudulent conveyance |
| 28 | fraudulent conveyance |
| 36 | constructive trust |
| 37 | pre-petition civil conspiracy |
| 38 | aiding and abetting |
| 41 | misappropriation |
| 42 | conversion |
| 43 | breach of fiduciary duty |
| 44 | fraud |
| 46 | post-petition constructive trust |
| 47 | post-petition civil conspiracy |
| 48 | post-petition aiding and abetting breach of fiduciary duty |
| 49 | misappropriation |
| 50 | conversion |
| 51 | breach of fiduciary duty |
| 52 | fraud |
| 56 | post-petition civil conspiracy |
| 57 | post-petition aiding and abetting breach of fiduciary duty |

12

FED. R. CIV. P. 9(b).

However, the court will DENY dismissal of any "fraud-related" claims in the following counts because fraud is neither mentioned nor pled in the body of these counts:

| | |
|---|---|
| 3 | preference |
| 4 | unjust enrichment |
| 11 | preference |
| 12 | unjust enrichment |
| 14 | preference |
| 15 | unjust enrichment |
| 18 | unjust enrichment |
| 20 | preference |
| 21 | unjust enrichment |
| 23 | unjust enrichment |
| 25 | unjust enrichment |
| 27 | unjust enrichment |
| 29 | unjust enrichment |
| 31 | unjust enrichment |
| 32 | unjust enrichment |
| 33 | quantum meruit |
| 34 | unjust enrichment |
| 35 | quantum meruit |
| 45 | unjust enrichment |
| 53 | unjust enrichment |
| 54 | quantum meruit |
| 55 | post-petition transfer |

Counts 39 and 40 (RICO) will be discussed below, at pp. 15-16.

**NATHAN C. WRIGHT; MARK E. YONAN**
**WRIGHT & YONAN, PLLC**

The claims against these former in-house attorneys, and their later-formed law firm, take a different road than most of the other claims against other defendants. These parties have been sued on the following theories:

| | |
|---|---|
| 39 | 18 U.S.C. § 1962(c) |
| 40 | 18 U.S.C. § 1962(d) |
| 41 | misappropriation |
| 43 | breach of fiduciary duty |
| 44 | fraud |
| 45 | unjust enrichment |
| 46 | post-petition constructive trust |
| 47 | post-petition civil conspiracy |
| 48 | post-petition aiding and abetting breach of fiduciary duty |
| 49 | misappropriation |
| 51 | breach of fiduciary duty |
| 52 | fraud |
| 56 | post-petition civil conspiracy |
| 57 | post-petition aiding and abetting breach of fiduciary duty |

Counts 41, 43, 44, 46, 47, 48, 49, 51, 52, 56 and 57 all contain allegations, in some fashion, of fraud or fraudulent conduct. These counts, however, lack the requisite specificity of FED. R. CIV. P. 9(b), and therefore cannot survive the motion to dismiss. Those fraud allegations, contained in these counts, will be DISMISSED.

Count 45 does not contain references to fraud, so it will not be dismissed. The motion to dismiss this count on fraud grounds will be DENIED.

The balance of these defendants' motion to dismiss is framed more as a summary judgment motion than a true motion to dismiss. Although the rules provide a mechanism for the

court to treat such motions as appropriate for summary judgment. FED. R. CIV. P. 12(d), the court declines to do so here. It appears to the court that the merits of the issues outlined in these defendants' motion to dismiss can be further simplified by the secured bank's security documents, UCC-1 filings, affidavits from Chase officers involved in the disposition, and by specific reference to court orders which released such equipment or property to the bank for disposition. The court will await the parties' respective positions when presented in that context. For now, the motion to dismiss on the substantive merits of the case will be DENIED.

The same analysis holds true for the arguments concerning unjust enrichment and damages (or lack thereof). The best time to test these defenses is in the more thoughtful and thorough summary judgment stage.

The balance of these defendants' motion to dismiss, not disposed of herein or on pp. 15-16 below (RICO) will be DENIED.

## **COUNTS 39 AND 40--RICO**

The affected defendants' motions to dismiss Counts 39 and 40 (the RICO counts) will be GRANTED. Trying to fit the round facts of this case into the square peg of a criminal enterprise is not justified. Adequate remedies and legal theories have been pled which more closely align with the facts of this case. It is not a RICO case.

These counts (39 and 40) fail to properly describe racketeering activity. An order will be entered DISMISSING them for failure to state a legal claim, in favor of each of the following defendants:

FM Realty

Indus Holdings

Indus Ventures

Thomas W. Sullivan Revocable Trust

Gurpreet S. Jaggi

Thomas W. Sullivan, Sr.

Thomas W. Sullivan, Jr.

Gary K. Malis

Dominick Marchetti

Karl F.W. Young

James Warner

Mark E. Yonan

Vivek Shivpuri

Jeff Arnold

## **CONCLUSION**

As the parties can appreciate from the foregoing analysis, whatever else this Complaint may be, it is clearly not a fraud Complaint. Nor is it a Racketeering Influenced and Corruption case (RICO).

Plaintiff's motion to allow further amendments to the Complaint will be DENIED.

Defendants are directed to lodge a single form of order consistent with this decision.

The affected defendants whose counts and claims have not been dismissed are directed to file answers to the Second Amended Complaint--beginning only from p. 40 (Count 1) to the end-- within the time period provided by the Rules.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification
Center ("BNC") to all parties to this adversary proceeding