**SIGNED.**

Dated: December 22, 2010



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FIRST MAGNUS FINANCIAL CORPORATION,<br><br>　　　　　　　　　　Debtor.<br><br>LARRY LATTIG, LITIGATION TRUSTEE FOR THE FIRST MAGNUS LITIGATION TRUST,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>STONEWATER MORTGAGE CORPORATION; et al.<br><br>　　　　　　　　　　Defendants. | Chapter 11<br><br>No. 4:07-bk-01578-JMM<br><br>Adversary No. 4:09-ap-00211-JMM<br><br>**MEMORANDUM DECISION RE: MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(Title Security Agency of Arizona.) (Counts 49, 50, 53, 54, 56 and 57.)**<br><br>**(Motion for Relief at ECF No. 438)** |

　　　　Before the court is a motion by Plaintiff (ECF No. 438) to be relieved from a judgment entered by this court on September 23, 2010 (ECF No. 347) in favor of Title Security Agency of Arizona ("TSA").

　　　　Within the times set forth by the rules, Plaintiff filed a motion seeking to be relieved of the judgment, citing FED. R. CIV. P. 59 and 60 (adopted as FED. R. BANKR. P. 9023 and 9024).

　　　　For the reasons noted below, the motion will be DENIED.

# PROCEDURAL BACKGROUND

## A. In General

The Plaintiff filed his complaint on February 26, 2009. Thereafter, over a time period spanning 13 months, the court considered motions to dismiss, and allowed the Plaintiff to amend his complaint two times, until eventually, the court's rulings resulted in a product that was generally in a form capable of being answered by the Defendants.

From the time that the last answer was filed, on April 12, 2010, until November 1, 2010 (ECF No. 474) when the court set this adversary proceeding for trial on February 14, 2011, there was a period of nearly seven months. During that intervening span, the parties have had the opportunity to file motions, conduct discovery and generally prepare their cases for trial.

## B. The TSA Motion for Summary Judgment

The TSA motion for summary judgment was filed on August 18, 2010 (ECF No. 236). When the time passed for a response to have been filed by Plaintiff, the court considered the motion.

Parenthetically, the court notes that the record contains, at various times, colloquy between the court and counsel wherein the court was attempting to persuade the parties to forego summary judgment, and move straight to trial. However, the Defendants urged the court to consider their summary judgment motions, on the grounds that it would be unfair, prejudicial and a violation of their due process rights for the court not to do so. The court stated that it understood, and that it would begin to rule on the outstanding motions.

It should not have shocked anyone, therefore, that the court did exactly what it stated it would do.

The court read the TSA motion, its statement of undisputed facts and its authorities, and considered it on the merits. Because no response had been timely filed, and because no motion to extend response deadlines had been filed, and after having advised the parties that it would begin

ruling, the court assumed that Plaintiff had simply abandoned its claims against TSA. The TSA motion for summary judgment was persuasive on the merits, it was supported by facts and law and it was granted on that basis. Because no response in opposition had been filed, it would have been a waste of judicial time to expound at length on what the court had every right to believe was simply conceded by the Plaintiff. When the court stated, at line 22, that TSA had supported its motion appropriately, that resolved the merits question. In view of no opposition having been filed, one is tempted to ask, "What else is there to say?"

The subject judgment (ECF No. 347) was entered on September 23, 2010 against Plaintiff and in favor of TSA by dismissing Counts 49, 50, 53, 54, 56 and 57. After entry of judgment, Plaintiff too late filed his untimely opposition to the motion for summary judgment on September 30, 2010,[1] (ECF No. 414), statement of facts (ECF No. 415) and objections to the evidence submitted by TSA (ECF No. 413).

Also after entry of judgment, Plaintiff filed his initial motion for relief from judgment on October 5, 2010 (ECF No. 431) and his amended motion for relief from judgment on October 6, 2010 (ECF No. 438).

The court has not, and procedurally may not, consider the Plaintiff's post-judgment response to the decided summary judgment, until and unless it first sets aside the judgment of September 23, 2010 (ECF No. 347).

## **THE LAW**

### **A. Rules 59 and 60**

Plaintiff has moved under <u>both</u> FED. R. CIV. P. 59(e) (manifest error of fact or law, incorporated by FED. R. BANKR. P. 9023) and FED. R. CIV. P. 60(b)(1) (excusable neglect,

---

[1] TSA filed its reply (ECF No. 458), response to Lattig's statement of facts (ECF No. 459) and response to Lattig's objections to evidence (ECF No. 460) on October 15, 2010.

incorporated by FED. R. BANKR. P. 9024,) in its motion for relief from the court's order granting summary judgment.

The motion was made within 14 days of entry of judgment. A Rule 59(e) motion must be made no later than 14 days after entry of the order or judgment, whereas a Rule 60(b)(1) motion must be made "within a reasonable time" but not more than one year after judgment. See FED. R. BANKR. P. 9023 and FED. R. CIV. P. 60(c). Either a Rule 59(e) or 60(b) motion that is filed no later than 14 days after entry of the judgment will toll the time for filing an appeal. FED. R. BANKR. P. 8002(b).

Although either type of motion is proper, a Rule 60(b) motion may not be used as a substitute for a timely appeal. In re Atkins, 134 B.R. 936, 939 (9th Cir. BAP 1992). Thus, a Rule 60(b) motion that is filed within 14 days of the judgment will be considered a Rule 59(e) motion to alter or amend the judgment "where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" In re Carolina Triangle Ltd. P'ship, 166 B.R. 411, 414 (9th Cir. BAP 1994) (quoting Osterneck v. Ernst & Whinney, 489 U.S. 169, 174)).

Here, Plaintiff moved under both Rules, but for different reasons. The Rule 59(e) motion ascribes error to the court's ruling and also seeks to prevent an alleged manifest injustice, whereas the Rule 60(b) motion pleads "excusable neglect" in order to allow the untimely response. Plaintiff further moves the court to set aside the order granting summary judgment in favor of TSA, and granting it an extension for its now-filed response.

Accordingly, a court faced with a Rule 60(b)(1) request must ordinarily conduct an analysis under both Rules. See, e.g., In re Graves, 279 B.R. 266, 275 (9th Cir. BAP 2002) (a timely post-judgment "Response" was properly treated as a Rule 59(e) motion, but the bankruptcy court "should also have taken the default dimension into account and have construed [it] as a request for relief from default and from default judgment" under Rule 60(b).) See also In re Bateman, 231 F.3d 1220, 1224 (9th Cir. 2000) (holding that the bankruptcy court abused its discretion by failing to conduct the equitable analysis of "excusable neglect" in denying relief from entry of summary judgment).

## B. Rule 59(e)

A Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the [bankruptcy] court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted).

First, Plaintiff maintains the court committed error by granting summary judgment solely on the grounds that no responses had been timely filed. Such an adjudication would be prohibited in the Ninth Circuit. Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir. 2003); Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).

On this issue, however, the court agrees with TSA, who recognizes that this court did not rule solely on that procedural basis, but on the lack of any evidence in the record sufficient to raise a genuine issue of material fact, as well as on all of the facts and law contained within the moving papers. FED. R. CIV. P. 56(e)(2) ("If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.") (emphasis added); see also School Dist. No.1J Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1261-62 (9th Cir. 1993) (failure to comply with summary judgment rules resulted in lack of evidentiary support for opposing party's argument). The court read and considered all of TSA's moving papers, as well as its authorities, and concluded that, on the facts and law, TSA was entitled to judgment. It so noted by stating that TSA had "supported that request by appropriate pleadings" (ECF No. 347, line 22). Since there had been no debate, there was no valid reason to simply rehash all of TSA's facts, points, argument and authorities. The court read everything, and ruled.

Second, Plaintiff maintains that granting summary judgment was a manifest injustice. The parties had entered into a written agreement to extend Plaintiff's response deadlines, and Plaintiff inadvertently failed to notify the court of this until September 23, 2010 when Plaintiff filed a motion for an extension of time to file the responses (ECF. No. 338). The court had entered judgment in the TSA matter the day before, on September 22, 2010, and entered judgment in the

Wright and Yonan matter and the Sullivan Counts 49, 50, 51, 53, 54, 55, 56 and 57 re: eCloser matter on the same day, September 23, 2010.

Were this an isolated incident, the court might take a different view of it. However, this case has been hotly litigated since the start, nearly two years ago, with neither side giving any quarter. In view of that status, together with the court's admonition that it would begin ruling on the summary judgment matters before it, it was not "manifestly unjust" for Plaintiff to assume that the court would not do exactly as it had stated. This is especially true since Plaintiff apparently had it within his sole control to advise the court, by motion or stipulation, that there was an intervening circumstance that changed the rule's time limits. Failing to do so places the blame exactly where it should be, on Plaintiff's inexcusable negligence.

What would be manifestly unjust, at this late-stage of the proceedings, would be to require everyone, including the court, to start over. The case is too far progressed to now move backward.

The Rule 59(e) ground is without merit, and the motion on that basis will be DENIED.

### C. **Rule 60(b)(1)**

Rule 60(b)(1) grants bankruptcy courts the discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect."

Here, the question is whether Plaintiff's failure to notify the court of his reliance on the written agreement to extend his response deadline constituted "excusable neglect." The party moving for reconsideration bears the burden of presenting sufficient facts to demonstrate excusable neglect. In re Rebel Rents, Inc., 326 B.R. 791, 802-803 (C.D. Cal. 2005).

It is well settled law that the concept of "excusable neglect" is a "general equitable one, not necessarily reserved for extraordinary circumstances, and takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (quoting

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). These factors are non-exclusive, and the trial court can take "account of all relevant circumstances surrounding the party's omission" in making an equitable determination. Pioneer Investment, 507 U.S. at 395. The Pioneer Investment "excusable neglect" standard applies to Rule 60(b)(1). Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir.1997); cf. Bateman v. United States Postal Service, 231 F.3d 1220 (9th Cir.2000) (applying Pioneer Investment standard to a Rule 60(b)(1) motion where judgment was entered for missing a filing deadline).

Plaintiff maintains that TSA would not be prejudiced by what it considers a short delay in proceedings. Bateman, 231 F.3d at 1224-25.

TSA states that it would be prejudiced, not only by reinstated claims, but by now having to re-litigate the summary judgment motion.

Plaintiff filed his motion to extend time to respond within a day of, or on the same day as entry of the judgments. In Bateman, the Ninth Circuit found excusable neglect where plaintiff's counsel failed to file a response to defendant's motion for summary judgment because he had been out of the country, and he then filed a Rule 60(b)(1) motion more than a month after the court had denied his original request to rescind the judgment. Id., 231 F.3d at 1223. The Ninth Circuit determined that the relevant length of delay and potential impact on the judicial proceedings was "minimal." Id. at 1225. Unlike Bateman, Plaintiff obtained an extension agreement and promptly informed the court of the written agreement.

The situation in this case is different. Here, there are multiple defendnats, and trial is to start in about a month and a half. The case has been nursed along since it was filed, and the court had advised the parties that it would be promptly dealing with the summary judgment motions. Even if the court had said nothing, no party had a right to expect that the court would not do its job. As with all bankruptcy courts in the present economy, filings under all chapters are at all-time highs. This court does not have the luxury of working but one case at a time. Litigants must do their part to keep up, or to keep the court advised of agreements between themselves. For the Plaintiff, as to TSA, on these counts, the Rubicon has been crossed.

Finally, Plaintiff maintains he acted in good faith in not filing the response because the parties had stipulated to an extension. Other courts have granted relief in similar circumstances. See, e.g., Robb v. Norfolk & Western Ry., 122 F.3d 354, 359-360 (7th Cir. 1997) (finding that failure to inform or seek approval of court after litigants had agreed to extension was excusable neglect under FED. R. CIV. P. 60(b)); Georgopolous v. International Bhd. of Teamsters, AFL-CIO, 164 F.R.D. 22, 22-23 (S.D.N.Y. 1995) (excusable neglect shown when defense counsel failed to file timely answer because of good-faith reliance on stipulation between parties for extension that was never submitted to court); see also, Ryan v. Editions Ltd. West, Inc., 2009 U.S. Dist. LEXIS 70853, at *2 (N.D. Cal. Aug. 10, 2009) (granting extension to file opposition when party's counsel mistakenly believed that stipulation extending the hearing date would also extend the response date for filing opposition).

TSA contends that Plaintiff's neglect is not excusable where he failed to follow clear procedural rules to obtain an extension. See Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 886 (9th Cir. 2001) (a mistake of [unambiguous] law does not constitute excusable neglect). But see Kira, Inc. v. Actus Lend Lease, LLC, 2007 WL 1725649 (E.D. Cal. 2007, June 13, 2007), where the bankruptcy court applied Rule 60(b)(6) to grant relief where gross negligence on the part of the lawyer meant the client would be deprived of a resolution on the merits). Moreover, the Speiser dissent pointed out that the Ninth Circuit's decision in Briones "overturn[ed] the per se rule that "ignorance of court rules does not constitute excusable neglect . . ." Speiser, Krause & Madole P.C., 271 F.3d at 888 (dissenting op.)

For any party who reviews the entire procedural record in this case, it should be evident that Plaintiff's "inadvertence" was not excusable, and that in view of the specific warnings and presence of clearly-defined deadlines under the rules, that it was fatal error not to comply in some reasonable fashion. The record will also note that Plaintiff has been treated fairly and liberally throughout this entire proceeding, but the doors of justice swing both ways. At some point, like now, the doors stop swinging.

The Plaintiff's reasons under Rule 60 are rejected. The Rule 60 motion will be DENIED.

## **CONCLUSION**

For the reasons set forth above, the Plaintiff's Rule 59 and 60 motion will be DENIED. A separate order will issue.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification
Center ("BNC") to all parties to this adversary proceeding.